Charles L. BUCKMAN, Lorraine C. Pendleton, Landon C. Reed, Bernard J. Thompson, Lee Burt and Roy S. Harkins, doing business under the name and style of Hanna-Basin Construction & Coal Co., a co-partnership, Appellants (Plaintiffs below),

v.

UNITED MINE WORKERS OF AMERICA, Local 7247 of United Mine Workers of America, J. E. Brinley and Milo Picarelli, Appellees (Defendants below).

No. 2903.

Supreme Court of Wyoming.

July 14, 1959.

342 Pac.2d. 236

Robert S. Lowe, Rawlins, for appellees, in support of petition for rehearing.

## OPINION.

Mr. Chief Justice BLUME delivered the opinion of the court.

A petition for rehearing has been filed herein. Counsel for defendants takes exception to our comments on the so-called "no man's land"—an indeterminate area not pre-empted by the National Labor Relations legislation but open for action by the states. That there is such an area is well attested. Thus in Garner v. Teamsters, Chauffeurs and Helpers Local Union No. 776 (A.F.L.), 346 U.S. 485, 74 S.Ct. 161, 164, 98 L.Ed. 228, Mr. Justice Jackson stated: "The National Labor Management Relations Act [61 Stat. 136, 29 U.S.C. § 141 et seq., 29 U.S.C.A. § 141 et seq.], as we have before pointed out, leaves much to the states, though Congress has refrained from telling us how much." In Weber v. Anheuser-Busch, Inc., 348 U.S. 468, 75 S.Ct. 480, 488, 99 L.Ed. 546, Mr. Justice Frankfurter stated as follows:

"By the Taft-Hartley Act, Congress did not exhaust the full sweep of legislative power over industrial relations given by the Commerce Clause. Congress formulated a code whereby it outlawed some aspects of labor activities and left others free for the operation of economic forces. As to both categories, the areas that have been pre-empted by federal authority and thereby withdrawn from state power are not susceptible of delimitation by fixed metes and bounds. Obvious conflict, actual or potential, leads to easy judicial exclusion of state action. Such was the situation in Garner v. Teamsters Union, supra [346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228]. But as the opinion in that case recalled, the Labor Management Relations Act 'leaves much to the states, though Congress has refrained from telling us how much.' 346 U.S. at page 488, 74 S.Ct. at page 164. This penumbral area can be rendered progressively clear only by the course of litigation. * * *"

In case of Stoddard-Wendle Motor Co. v. Automotive Machinists Lodge 942, International Association of Machinists, 48 Wash.2d 519, 295 P.2d 305, 307, the court stated:

"Difficulty arises when it must be determined whether specific facts are covered by the subject matter of the act. Has Congress so far pre-empted the field that, even in its silence, state action is excluded; or, is state action preserved? The difficulty is compounded when this question must be resolved by a state court. The problem is further complicated by the absence of specific standards in the act itself. It '* * * leaves much to the states, though Congress has refrained from telling us how much.' Garner v. Teamsters, Chauffeurs and Helpers Local Union No. 776 (A.F.L.), 1953, 346 U.S. 485, 488, 74 S.Ct. 161, 164, 98 L.Ed. 228.

" 'This penumbral area can be rendered progressively clear only by the course of litigation.'

Weber v. Anheuser-Busch, Inc., 1955, 348 U.S. 468, 480, 75 S.Ct. 480, 488, 99 L.Ed. 546."

Counsel contends that the so-called "no man's land" cases are covered by the federal law and that the only jurisdiction which a state has is when the National Labor Relations Board cedes power to a state agency in connection with a case before it. We think counsel is clearly mistaken. He relies upon the case of Guss v. Utah Labor Relations Board, 353 U.S. 1, 77 S.Ct. 598, 600, 1 L.Ed.2d 601. Chief Justice Warren in that case cites the National Labor Relations Act, § 10(a), 49 Stat. 449, as amended 61 Stat. 136, 29 U.S.C. § 151 et seq., 29 U.S.C.A. § 151 et seq., wherein it is stated: "The Board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair labor practice (*listed in Section 8*) affecting commerce." (Emphasis supplied.) Thus as to what constitutes an unfair practice and is entrusted to the board we must examine § 8 which is limited in its scope just as mentioned in the cases heretofore cited. Chief Justice Warren continues at 77 S.Ct. 602:

"We hold that the proviso to § 10(a) is the exclusive means whereby States may be enabled to act *concerning the matters which Congress has entrusted to the National Labor Relations Board.* * * *" (Emphasis supplied.)

So again we must refer back to § 8 of the National Labor Relations legislation to find out what matters have been entrusted to the board. These cannot consist of the matters embraced in the area of "no man's land" because these are left to the states according to the decisions first above mentioned. These cases and the Guss case are not in conflict.

Counsel for the defendants further contends that the question as to whether or no specific facts come under the protection of the National Labor Relations Act must be determined by the National Labor Relations Board and state courts are precluded from interpreting the federal Act. Counsel cites as authority for that contention the case of San Diego Building Trades Council, Millmen's Union, Local 2020 v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 779, 3 L.Ed.2d 775, decided on April 15, 1959, and written by Mr. Justice Frankfurter who, in that case, made the following statement:

"At times it has not been clear whether the particular activity regulated by the States was governed by §7 or § 8 [Taft-Hartley Act] or was, perhaps, outside both these sections. But courts are not primary tribunals to adjudicate such issues. It is essential to the administration of the Act that these determinations be left in the first instance to the National Labor Relations Board. What is outside the scope of this Court's authority cannot remain within a State's power and state jurisdiction too much yield to the exclusive primary competence of the Board. * * *"

Mr. Justice Harlan, with whom Mr. Justice Clark, Mr. Justice Whittaker and Mr. Justice Stewart concurred, in commenting on the foregoing statement of Mr. Justice Frankfurter, stated as follows at 79 S.Ct. 784, 785:

"I am, further, at loss to understand, and can find no basis on principle or in past decisions for, the Court's intimation that the States may even be powerless to act when the underlying activities are clearly 'neither protected nor prohibited' by the federal Act. Surely that suggestion is foreclosed by International Union, United Automobile Workers, etc. v. Wisconsin Employment Relations

Board, 336 U.S. 245, 69 S.Ct. 516, 93 L.Ed. 651, supra, as well as by the approach taken to federal pre-emption in such cases as Allen-Bradley Local [No. 1111, United Electrical Radio and Machine Workers of America] v. Wisconsin Employment Relations Board, supra [315 U.S. 740, 62 S.Ct. 820, 86 L.Ed. 1154]; Bethlehem Steel Co. v. New York State Labor Relations Board, 330 U.S. 767, 773, 67 S.Ct. 1026, 1030, 91 L.Ed. 1234, and Algoma Plywood & Veneer Co. v. Wisconsin Employment Relations Board, 336 U.S. 301, 69 S.Ct. 584, 93 L.Ed. 691, not to mention Laburnum and Russell [United Const. Workers [Affiliated with United Mine Workers of America] v. Laburnum Construction Corp., 347 U.S. 656, 74 S.Ct. 833, 98 L.Ed. 1025; International Union, United Automobile, Aircraft and Agricultural Implement Workers of America (UAW-CIO) v. Russell, 356 U.S. 634, 78 S.Ct. 932, 2 L.Ed.2d 1030] and the primary jurisdiction doctrine itself. Should what the Court now intimates ever come to pass, then indeed state power to redress wrongful acts in the labor field will be reduced to the vanishing point."

It would seem that the foregoing case has injected another factor of uncertainty into the subject before us. Mr. Justice Harlan continues his opinion by saying as follows at 79 S.Ct. 785:

"In determining pre-emption in any given labor case, I would adhere to the Laburnum and Russell distinction between damages and injunctions and to the principle that state power is not precluded where the challenged conduct is neither protected nor prohibited under the federal Act. Solely because it is fairly debatable whether the conduct here involved is federally protected. I concur in the result of today's decision."

Thus it would seem that all the members of the Court agree, at least to the extent that if the matter is fairly debatable then the National Labor Relations Board has

exclusive jurisdiction. So our reference to this matter in the original opinion was possibly too broad or not sufficiently limited. We must leave this point open for future consideration, and in that respect our former opinion is modified. It would seem, as we stated in the original opinion, that the National Labor Relations legislation needs critical examination.

Other exceptions taken to our original opinion are not well taken and so the petition for rehearing is denied.