**Craig E. SIMS, Appellant,**

**v.**

**The STATE of Wyoming, Appellee.**

**No. 3964.**

Supreme Court of Wyoming.

March 29, 1972.

John L. Vidakovich, of Vidakovich & Barney, Lander, Frederick E. Dickerson, Denver, Colo., for appellant.

Clarence A. Brimmer, Atty. Gen., and Richard A. Stacy, Asst. Atty. Gen., Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER, McEWAN, and GUTHRIE, JJ.

## ON MOTION TO REMAND

PER CURIAM.

The appellant, Craig E. Sims, has made a motion for us to remand this case to the district court in order to allow appellant to pursue a motion in the district court for a new trial based on the discovery of new evidence. The motion is purportedly based upon Rule 34, W.R.Cr.P.

Our Rule 34 is almost verbatim with Rule 33, Federal Rules of Criminal Procedure. With respect to such rule, it is pointed out in 2 Wright, Federal Practice and Procedure, § 557, p. 534, that a significant change in the procedure on a motion for new trial on the ground of newly discovered evidence, made while an appeal is pending, has been effected. Formerly, the trial court could entertain such a motion only on remand of the case for that purpose; and under that procedure a motion to remand had to be granted by the appellate court before the motion for new trial could be entertained by the trial court.

■ With respect to the effect of the new rule we are here concerned with, the following is stated in Wright's § 557, pp. 534–535:

"Rule 33 omits this limitation on the power of the trial court to entertain the motion, and provides only that if the appeal is pending the court may not grant the motion unless the case has been remanded. Accordingly it is now both unnecessary and improper to apply in the first instance to the appellate court for leave to make the motion. The motion should be made, as with any other motion, in the district court. The district court may deny the motion, and if it does so, this denial is a final and appealable order. The district court has no authority to grant a new trial once the notice of appeal has been filed. It may, however, hear the motion, and certify that it is inclined to grant it. The appellate court, if it is advised of the pendency of such a motion in the trial court, may hold decision of the appeal in abeyance until the district court has either denied the motion or indicated its intention to grant it. If the trial court does indicate that it is inclined to grant the motion, the appellate court will ordinarily remand the case to the trial court for that purpose, and for the new trial, without passing on the merits of the new trial motion. If these procedures are not followed, and the appeal is decided without a motion having been made in the trial court, affirmance of the conviction is without prejudice to a subsequent mo-

tion on the ground of newly discovered evidence in the trial court."[1]

Aside from the fact that appellant has followed the wrong procedure, according to the authority we have cited, his motion in this instance should fail for the additional reason that a prima facie cause for new trial has not been shown. Although it is claimed a witness, Ronnie Ash, "lied in his testimony during Craig's trial, so that they would release him" from incarceration, there is no showing of any material particulars wherein it is claimed the witness lied. Neither is there any showing as to why the witness would have expected his testimony to gain his release. Also, it is claimed Ronnie Ash has now stated, "Craig never really told him that he had killed those girls." However, this statement is entirely consistent with the testimony of Ronnie Ash at defendant's trial.

The motion for new trial which defendant wishes to pursue at the district court level is based wholly on the possibility that Ronnie Ash will alter his testimony materially in the event a new trial is granted. Although this court is not called upon to judge the weight to be given to recanted testimony, it can be mentioned in passing the judicial attitude is that recantation should be looked on with the utmost suspicion.[2] So far, appellant has failed to make a prima facie showing that testimony in a new trial would be sufficiently recanted or changed to make a different verdict probable.

For the reasons we have noted, appellant's motion to remand this case at this time to the district court must be denied.

Motion for remand denied.

1. Cases which support the proposition that it is now unnecessary and improper to apply in the first instance to the appellate court for leave to make the motion include: Beckwith v. United States, C.A. 10th, 1966, 367 F.2d 458; Paddock v. United States, C.A.9th, 1962, 302 F.2d 514; Zamloch v. United States, C.A. 9th, 1915, 187 F.2d 854; United States v. Minkoff, C.A.2d, 1950, 181 F.2d 538;

an Longmire v. United States, C.A.5th, 1968, 404 F.2d 326, 327–328, certiorari denied, 395 U.S. 912, 89 S.Ct. 1757, 23 L.Ed.2d 225.

2. See 2 Wright, Federal Practice and Procedure, § 557, p. 527; Flaim v. State, Wyo., 488 P.2d 153, 155; and Espy v. State, 54 Wyo. 291, 92 P.2d 549, 559.