**Edward Dale BURNS, Appellant (Defendant below),**

v.

**STATE of Wyoming, Appellee (Plaintiff below).**

**No. 4783.**

Supreme Court of Wyoming.

Feb. 7, 1978.

Arthur T. Hanscum, Pence & MacMillan, Laramie, for appellant.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and Helen Murray, Senior Law Student, Cheyenne, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

ROSE, Justice.

In his jury trial, appellant was convicted of aggravated robbery in violation of § 6–66, W.S.1957. Although there are others, the primary issue for our decision is whether the trial court abused its discretion in denying appellant's motion for a new trial, which was based on recanting testimony. We will affirm the judgment and sentence in all respects.

The record discloses that on August 4, 1976, appellant borrowed a blue 1967 Plymouth station wagon from a friend in Cheyenne, Wyoming. In the early evening hours of August 5, 1976, the appellant and two other individuals—Glen Burns and Kevin Lewis—were observed and confronted by a highway patrolman at the Lincoln Monument near Laramie. Sometime after 10 p. m., the same evening, two employees of McDonald's Poor Boy Submarine Sandwich Shop in Laramie, Wyoming, were robbed by two masked men carrying guns.

The robbers took $691.27 in currency and rolled coins and a metal strong box. At about this same time, a neighbor to McDonald's observed a male walking from the area of McDonald's and getting into a blue station wagon. The station wagon, with two individuals in the front seat, was observed by a police officer turning east on Grand Avenue from near an upholstery shop which was located just east of McDonald's. On August 9, police interviewed the owner of the station wagon, who indicated that appellant had told him that he "pulled a job in Laramie." A search of the car revealed a .32 caliber bullet. Appellant had purchased a .32 caliber pistol a month prior to the robbery. Later, on August 9, appellant and Kevin Lewis fled from a friend's car after being pursued by police in Cheyenne. The next day, a search of Kevin Lewis' residence revealed a metal cash box and rolls of coins taken during the robbery. Appellant's fingerprints were found on the rolls of coins, and he had been observed by witnesses removing coin rolls from the cash box. On November 7, 1976, the evening prior to appellant's trial, Kevin Lewis turned himself in to the authorities and admitted at trial that he and the appellant had committed the robbery. Lewis' testimony essentially follows the other evidence introduced at trial.

Subsequent to his conviction and sentence to the state prison, appellant filed a motion for new trial based on newly-discovered evidence. This evidence consisted of an affidavit of Kevin Lewis, recanting his testimony at trial. At a hearing on this motion, Lewis refused to answer questions concerning the affidavit or the robbery on the ground of self-incrimination. Appellant's motion was denied.

On appeal, appellant raises the following issues:

1. Whether the court abused its discretion in denying his motion for new trial.

2. Whether he was subjected to a notice-of-alibi rule in violation of his right against self-incrimination.

3. Whether the court erred in giving an instruction pertaining to the testimony of witnesses.

4. Whether there was sufficient evidence to support his conviction.

█ Appellant's first issue, relating to the denial of his new-trial motion based on recanted testimony, calls for a showing of abuse of discretion. *Jones v. State*, Wyo., 568 P.2d 837; *Daellenbach v. State*, Wyo., 562 P.2d 679; *Ballinger v. State*, Wyo., 437 P.2d 305; and *Opie v. State*, Wyo., 422 P.2d 84. Given the suspicious nature of recanting testimony, appellant carries a heavy burden before this court. *Jones v. State*, supra; *Sims v. State*, Wyo., 495 P.2d 256; and *Espy v. State*, 54 Wyo. 291, 92 P.2d 549. Appellant asserts that he has met his burden through his bald assertion that he was surprised by Lewis' testimony at trial. The record discloses that appellant and his attorney were apprised of Lewis' intended testimony the night before trial, and that they, nevertheless, decided to go ahead with the trial. After presentation of the State's case, appellant was given "such time as you wish before you start your evidence." It was indicated that a five-minute recess would be satisfactory, and at no time was a continuance requested. We hardly see how appellant can claim surprise under these circumstances. No showing of abuse of discretion is disclosed.

█ Appellant contends that he was tacitly compelled to disclose alibi witnesses due to the de facto existence of a notice-of-alibi rule. The record is devoid of any mention of this argument to the trial court, either at trial or the subsequent new-trial hearing. Therefore, it cannot be considered on appeal in the absence of a showing of plain error. *Hampton v. State*, Wyo., 558 P.2d 504, 507. In this case, however, we are not even able to reach a consideration of the plain-error doctrine, since the record fails to disclose that appellant was compelled to disclose alibi witnesses. We may not go outside the record to discover facts supporting the appellant's contention. See, *Valerio v. State*, Wyo., 429 P.2d 317, 319.

The only reference below to a required notice of alibi-witnesses is contained in comments by the trial court during the new-trial hearing, where the court stated: "I know the County Attorney has to be notified under the rule." The reference appears to be to Rule 18, W.R.Cr.P., which relates to discovery, and is mistaken to the extent that this court has not yet adopted the federal notice-of-alibi rule contained in Rule 12.1, F.R.Cr.P. We fail to see how the court's mistaken reference to a notice-of-alibi-witnesses requirement changes the fact that there is no indication in the record that appellant was compelled in fact to disclose such witnesses. Appellant's contention is, therefore, without merit.

█ Appellant next contends that he was prejudiced by an instruction which stated in part that "[a] witness is presumed to speak the truth." It is conceded that appellant not only failed to object to the giving of this instruction, he in effect offered the allegedly tainted instruction. If any error did occur, it was invited and, therefore, will not support reversal on appeal. *Pack v. State*, Wyo., 571 P.2d 241; and *Daellenbach v. State*, supra. See, *Montez v. State*, Wyo., 573 P.2d 34 (decided December 30, 1977); and *Todd v. State*, Wyo., 566 P.2d 597.

█ Finally, appellant contends there was insufficient evidence to sustain the guilty verdict. Appellant points to the fact that McDonald's employees were unable to positively identify the appellant as one of the robbers, and that Lewis recanted his trial testimony. Even in light of these factors, we find there was sufficient circumstantial evidence which could give rise to a reasonable inference that appellant was one of the robbery participants.

Affirmed.