Roy Lee SETTLE, Appellant
(Defendant),

v.

The STATE of Wyoming, Appellee
(Plaintiff).

No. 5278.

Supreme Court of Wyoming.

Nov. 5, 1980.

Rehearing Denied Nov. 25, 1980.

Richard Scott Rideout (argued), of Vines, Rideout & Gusea, Cheyenne, Gerald M. Gallivan, Director, Wyoming Defender Aid Program, and Kathleen Hempelman, Student Intern, Wyoming Defender Aid Program, Laramie, for appellant.

Roy Lee Settle, pro se.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., and Mitchell E. Osborn, Legal Intern, Cheyenne (argued), for appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROONEY, Justice.

Appellant–defendant appeals from the judgment and sentence rendered against him after he was found guilty by a jury of the crime of unlawful entry in violation of § 6–10–103, W.S.1977 and of aggravated assault and battery with a dangerous weapon in violation of § 6–4–506(b), W.S.1977.

Appellant's attorneys present two contentions of error: (1) the trial court's instruction on the defense of unconsciousness was improper, and (2) the trial court's instruction on the elements of the crime of aggravated assault and battery with a dangerous weapon improperly omitted "apparent ability" as an essential element. Appellant, pro se, presents seven issues which he words as follows:

"1. Whether this appellant was denied [sic] a fair trial;

"2. Whether the Court erred in refusing to give the instruction about unconsciousness as requested by the defence [sic];

"3. Whether the court erred in refuseing [sic] this appellant the right to speak in his defence [sic] at trial;

"4. Whether this appellant was denied [sic] effective assistance of counsel;

"5. Whether the Court erred in allowing the defence [sic] counsel to bring in hearsay that was completely unrelated to this case but was hellish heinous lies and gross false accusations to prejudice the jury against this appellant.

"6. Whether the judge was predjudice [sic];

"7. Whether some of the jury was predjudice [sic]."

We affirm.

## UNCONSCIOUS INSTRUCTION

Appellant requested the trial court to give the following instruction and it was given without objection:

"Where a person commits an act without being conscious thereof, such act is not criminal even though, if committed by a person who was conscious, it would be a crime.

"This rule of law applies only to cases of the unconsciousness of a person of sound mind, in which there is no functioning of the conscious mind." [1]

Appellant argues that the last paragraph of the instruction improperly limits the defense to one of sound mind and that it should be equally applicable to one of un-

sound mind. Appellee–State counters by contending that the instruction sets forth a "but for" defense, i. e., but for the unconsciousness, defendant would be liable. Appellee notes that the defense of unconsciousness would be irrelevant for one of unsound mind since such a one could not be held liable because of the unsound mind.

■ Appellant requested the instruction. He did not object to it. If it was an erroneous instruction, appellant invited it. If we would condone the action of a party whereby he offers and obtains an erroneous instruction, thus trapping the trial court and insuring reversible error should the verdict be against him, each party to every lawsuit could attempt to hedge against an adverse verdict by doing likewise. As said in *Burns v. State*, Wyo., 574 P.2d 422, 424 (1978):

"* * * It is conceded that appellant not only failed to object to the giving of this instruction, he in effect offered the allegedly tainted instruction. If any error did occur, it was invited and, therefore, will not support reversal on appeal. [Citations.]"

If the instruction be error, it is invited, and reversal will not be premised thereon.

The second of appellant's pro se issues restates this issue. In pro se argument, appellant seemingly approves the instruction but states that it was not given to the jury. The record reflects that it was. The issue of mental illness or deficiency was not placed before the jury since there was no evidence directed to such plea.

## ELEMENTS OF THE CRIME INSTRUCTION

Appellant contends that the omission of the element of "apparent ability to inflict harm" in the instruction given by the trial court on the elements of the crime of aggravated assault and battery is reversible error.

■ Once again, however, appellant did not object to the given instruction which did not contain "the apparent ability" ele-

1. The instruction was taken verbatim from Wyoming Pattern Jury Instructions–Criminal.

ment. Failure to object to an instruction to the trial court precludes consideration of error relative thereto on appeal. The trial court must first have an opportunity to pass on the matter. *Snyder v. State*, Wyo., 599 P.2d 1338 (1979); *Fuller v. State*, Wyo., 568 P.2d 900 (1977). However, appellant contends that the omission of an essential element of the crime in the instruction on the elements of the crime is plain error and should be reversed under Rule 49(b), W.R. Cr.P.:

"(b) *Plain error.*–Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

See *Russell v. State*, Wyo., 583 P.2d 690 (1978); and *Cullin v. State*, Wyo., 565 P.2d 445 (1977).

" * * * For this court to invoke the plain–error rule, as embodied in Rule 49(b), W.R.Cr.P., three specific criteria must be fulfilled: first, the record must be clear as to the incident that occurred at trial that is alleged as error; second, the proponent of the rule must demonstrate a violation of a clear and unequivocal rule of law; and third, the proponent must prove that a substantial right has been violated and that the defendant has been materially prejudiced by that violation. * * *" *Madrid v. State*, Wyo., 592 P.2d 709, 710 (1979).

In making the determination as to whether or not there was here a violation of a clear and unequivocal rule of law and, thus, whether or not there was plain error, we are making the same determination which would be necessary in deciding the propriety of the instruction itself, i. e., was "apparent ability" an element of the crime to be set forth in the instruction?

Cases cited by appellant to support his contention [2] that "apparent ability" is a necessary element of the crime of assault and battery all deal with the crime of assault. Assault and battery is a separate and distinct crime from that of assault. Section 6–4–501, W.S.1977, defines the crime of assault as follows:

"Whoever, having the present ability to do so, unlawfully attempts to commit a violent injury on the person of another, is guilty of an assault and shall be fined in any sum not exceeding fifty dollars ($50.00)."

Section 6–4–502, W.S.1977 defines the crime of assault and battery as follows:

"Whoever, in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, and shall be fined not more than one hundred dollars ($100.00), to which may be added imprisonment in the county jail not exceeding six (6) months."

Sections 6–4–503 and 6–4–506(b), W.S.1977 concern both assault and assault and battery in defining the crime of assault or assault and battery with felonious intent and the crime of aggravated assault or aggravated assault and battery, but they each refer to "assault" and "assault and battery" which are specifically defined in §§ 6–4–501 and 6–4–502. Section 6–4–503 reads:

"Whoever perpetrates an assault, or assault and battery, upon any human being with intent to commit a felony, shall be imprisoned in the penitentiary not more than fourteen (14) years."

Section 6–4–506(b) reads:

"(b) *With dangerous weapon.*–Whoever, while armed with a dangerous or deadly weapon, including an unloaded firearm, maliciously perpetrates an assault or an assault and battery upon any human being, shall be fined not more than one thousand dollars ($1,000.00), or be imprisoned in the penitentiary not more than fourteen (14) years, or both."

 "Apparent ability" is a necessary element of the crime of assault. *Brown v. State*, supra. The same element is not a requirement of assault and battery. "Unlawful touching" must occur in the commission of the crime of assault and battery. It would be unreasonable to require proof of an "apparent ability" to unlawfully touch,

**2.** *Brown v. State*, Wyo., 590 P.2d 1312 (1979); *Evanson v. State*, Wyo., 546 P.2d 412 (1976);

*Casey v. State*, Tenn.Cr.App., 491 S.W.2d 90 (1972).

since the proof of the unlawful touching ipso facto establishes the "apparent ability" to do so.

> "It is contended that the information is insufficient for any purpose because it fails to state that the defendant had the present ability to commit the crime, such allegation being necessary in a charge of assault under our statute. But the information charges assault and battery. When an injury has actually been inflicted, it is quite apparent that the ability to do so existed, and it would be quite superfluous to allege it. * * *" *State v. Woodward*, 69 Wyo. 262, 270, 240 P.2d 1157, 1159 (1952).

The questioned instruction properly omitted "apparent ability" as an element of the crime of aggravated assault and battery with a dangerous weapon.

## ISSUES PRESENTED PRO SE

■ One of the seven issues duplicated the unconscious instruction issue and has been commented on in connection therewith. Three of the issues consist of generalizations relative to the impartiality of the trial, i. e., denied a fair trial, the judge was prejudiced, and the jury was prejudiced. Appellant makes numerous self–willed statements about the intentions, actions and associations of judge and jury, but he has not cited a single authority in his presentation. The presentation is partly an argument of the facts and partly accusations of impropriety, dishonesty and perjury on the part of witnesses, attorneys, judge and jury.

> "* * * Whether the jury properly weighed the evidence before it and arrived at the right conclusions of fact is not for us to decide. * * *" *Miller v. City of Lander*, 453 P.2d 889, 893 (1969).

See *Neal v. Wailes*, Wyo., 346 P.2d 132 (1959); and *Buckman v. United Mine Workers of America*, 80 Wyo. 199, 339 P.2d 398 (1959), reh. denied 80 Wyo. 216, 342 P.2d 236 (1959).

We need not notice claimed error unsupported by available precedent or cogent argument. *Scherling v. Kilgore*, Wyo., 599 P.2d 1352 (1979); *Peterson v. First National Bank of Lander*, Wyo., 579 P.2d 1038 (1978); *Rissler & McMurry Company v. Atlantic Richfield Company*, Wyo., 559 P.2d 25 (1977); *Booth v. Hackney*, Wyo., 516 P.2d 180 (1973).

■ Appellant's remaining three issues– alleged refusal of the right of appellant to speak, denial of effective assistance of counsel, and allowing appellant's counsel "to bring in hearsay that was completely unrelated to this case"–are also subject to being disregarded on appeal for failure to present any precedent or cogent argument in support thereof.

Although appellant's pro se presentation reflects a feeling of outrage and frustration and a conviction that an injustice was done to him, a careful review of the record does not suggest a foundation therein to support the allegations made by him.

He was allowed to speak in his own behalf. In fact, he testified at length in his own defense.

His attorney placed appellant's contentions before the jury. He conducted cross examination, examination and argument in a logical and vigorous fashion. Appellant gives evidence of being hard to satisfy with reference to legal representation. He did not like the representation he was receiving from the public defender, and the trial court appointed another lawyer to represent him. After trial and before sentence, the appointed attorney requested permission to withdraw as attorney because appellant requested appointment of a new attorney and objected to continued representation by the appointed attorney. The trial court denied the request. After submission of a brief to this court in this case by the public defender acting through the Wyoming Defender Aid Program, appellant expressed dissatisfaction and requested appointment of a different attorney. This court granted the request. In any event, the record does not support appellant's contentions that he was denied effective assistance of counsel or that his attorney improperly brought in hearsay evidence.

Affirmed.