William H. BROOKS, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 84–136.

Supreme Court of Wyoming.

Sept. 17, 1985.

Leonard D. Munker, State Public Defender, Martin J. McClain, Appellate Counsel, Cheyenne, and James A. Horner, Jr., Student Director, Wyo. Defender Aid Program, for appellant (defendant).

A. G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Michael A. Blonigen, Asst. Atty. Gen., for appellee (plaintiff).

Before THOMAS, C.J. and ROSE, ROONEY, BROWN and CARDINE, JJ.

BROWN, Justice.

This appeal is from the judgment and sentence of appellant's jury conviction of aggravated assault and battery, attempted manslaughter, and kidnapping. The issues for our review are:

I

"Does Section 7–11–305(b), W.S. 1977, as amended, violate due process by requiring a defendant to prove his insanity defense by the greater weight of the evidence?"

II

"Did reversible error occur when the trial judge instructed the jury that every person is presumed to be mentally responsible?"

We will affirm.

In the early morning of January 8, 1984, Lois Epperson Brooks and Marilyn Gardner were in a vehicle stuck in the snow between Laramie and Centennial. In an effort to get assistance, Mrs. Gardner flagged down a vehicle which was driven by Mrs. Brooks' estranged husband, the appellant, William H. Brooks. Appellant insisted that Mrs. Brooks sign some papers and that Mrs. Gardner be a witness. An argument developed between Mr. and Mrs. Brooks. Appellant fired a pistol into the ground, walked back to his vehicle, and returned with a club. He smote Mrs. Brooks with the club more than a few times. When Mrs. Gardner screamed, appellant hit her with the club, rendering her unconscious. He then dragged Mrs. Brooks from her vehicle, hit her again with the club, placed her in the back seat of his vehicle and drove off. A short time later, a sheriff's deputy arrived at the scene. The deputy picked up Mrs. Gardner and began to pursue appellant, who was eventually stopped at a roadblock on Herrick Lane near Interstate 80. Mrs. Brooks was found in the back seat of appellant's car bound at the hands and feet. Appellant was convicted of one count of aggravated assault and battery in violation of § 6–2–502(a)(ii), W.S. 1977; one count of attempted manslaughter in violation of §§ 6–7–301(a)(i) and 6–2–103, W.S.1977; and one count of kidnapping in violation of § 6–2–207(a)(iii), (b), and (d), W.S.1977.

In his brief, appellant outlines his argument of the issues as follows:

"This appeal is based on two issues both of which concern Wyoming Statute § 7–11–305(b) (Cum.Supp.1984). This Statute was used in the court below as the basis for instructing the jury on who should bear the burden of persuasion on the issue of mental deficiency.

"The first issue involves whether this Statute violated the Due Process Clause because it shifts the burden of persuasion to the defendant to negate an element of the offense charged. Argument I will discuss how this burden is shifted by the Statute, and that intent is an element of each of the crimes charged. It will be shown that this Statute unconstitutionally shifts the burden to the defendant to negate this intent element, and that this error cannot be harmless beyond a reasonable doubt.

"The second issue involves whether the instruction based on § 7–11–305(b) was improper due to the fact that the jury was not told that the presumption within that instruction was permissive and not mandatory. Argument II will discuss how Rule 303(c) is applied in this State. The argument will also discuss how this issue has been preserved for appeal, and that a constitutional error of this magnitude was not harmless beyond a reasonable doubt."

I

The first issue raised by appellant involves the statute on mental illness or deficiency as amended. Before July 1, 1983, the statute on mental responsibility provided:

"The prosecution shall prove beyond a reasonable doubt all the elements of the offense charged and the mental responsibility of the defendant. However, every defendant is presumed to be mentally responsible and the burden of first going forward and entering evidence on the issue of mental responsibility is upon the defendant." § 7–11–305(b), W.S.1977.

In 1983 this statute was amended and now provides:

"The prosecution shall prove beyond a reasonable doubt all the elements of the offense charged. Every defendant is presumed to be mentally responsible. The defendant shall have the burden of going forward and proving by the greater weight of the evidence that, as a result of mental illness or deficiency, he lacked the capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law." § 7–11–305(b), W.S.1977, 1985 Cum.Supp.

We do not disagree with appellant that intent is an essential element of each of the

crimes charged, nor do we disagree with appellant's argument that the mental responsibility statute, as amended, shifts the burden of persuasion to the accused to prove his mental deficiency.

Under the applicable insanity statute before July 1, 1983, the prosecution had the burden of proving all of the essential elements of the crime charged and the mental responsibility of the accused. *Kind v. State*, Wyo., 595 P.2d 960 (1979); *Sanchez v. State*, Wyo., 567 P.2d 270 (1977); *Reilly v. State*, Wyo., 496 P.2d 899 (1972). Under the former statute, a determination of insanity precluded a finding of guilt. Thus, mental responsibility was an integral part of the determination of guilt.

Since July 1, 1983, under the statute in effect at the time of appellant's conviction, the prosecution was not required to prove the accused's mental responsibility. The effect of this statute places the burden of proving lack of mental responsibility to the accused. Under the former statute, insanity precluded criminal responsibility, while under the current statute insanity does not preclude guilt but excuses it.

Under the current statute, mental responsibility is an affirmative defense to be proved by the greater weight of the evidence. Appellant apparently contends that proof of mental illness or deficiency, in effect, requires the disproof of intent and consequently imposes an unconstitutional burden of proof on him. We do not agree.

In *State v. Baker*, 120 N.H. 773, 424 A.2d 171 (1980), the court said:

"The State, of course, had the burden of proving beyond a reasonable doubt that the defendant 'purposely' committed the crime with which he is charged. [Citations.] This does not mean, however, that the defendant may not be required to bear the burden of proof on the issue of insanity, for although 'evidence relevant to insanity ... may also be relevant to whether the required mens rea was present, the existence or nonexistence of legal insanity bears no necessary relationship to the existence or nonexistence of the required mental elements of the crime.' [Citations.] Indeed, insanity and criminal intent are distinct aspects of a criminal trial between which the jury is capable of distinguishing. [Citation.] * * * "

The United States Supreme Court has addressed the problem raised by appellant's first issue. In *Leland v. Oregon*, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952), the Court held that insanity was an affirmative defense separate from the elements of the offense charged, and that there was no violation of due process when the accused is required to prove his defense of insanity. *Rivera v. Delaware*, 429 U.S. 877, 97 S.Ct. 226, 50 L.Ed.2d 160 (1976), was a dismissal of a Delaware case by the United States Supreme Court for want of a substantial federal question, *Rivera v. State*, Del.Supr., 351 A.2d 561 (1976). This dismissal effectively approved the decision of the Delaware Supreme Court that although a Delaware statute included irresistible impulse as an insanity defense, it was not a denial of federal due process to require the accused to prove insanity.

*Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), involved a New York law requiring a defendant to prove by a preponderance of the evidence the affirmative defense of extreme emotional disturbance. In that case the Court confirmed its holding in *Leland* and *Rivera*, supra, and said:

"We thus decline to adopt as a constitutional imperative, operative countrywide, that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of an accused. Traditionally, due process has required that only the most basic procedural safeguards be observed; more subtle balancing of society's interests against those of the accused have been left to the legislative branch. We therefore will not disturb the balance struck in previous cases holding that the Due Process Clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of

which the defendant is charged. Proof of the nonexistence of all affirmative defenses has never been constitutionally required; and we perceive no reason to fashion such a rule in this case and apply it to the statutory defense at issue here." Id., 432 U.S. 210, 97 S.Ct. 2327, 53 L.Ed.2d 292.

■■■ We hold that mental responsibility is not an element of the offense charged. It is an issue separate and apart from the essential element of criminal intent. Mental illness or deficiency is an affirmative defense which relieves an accused of responsibility for the crime he committed. Requiring the accused to prove the affirmative defense of mental illness or deficiency does not constitute a shifting of the burden of proof to the accused to disprove an essential element of the crime charged.

## II

Appellant's second issue on appeal is that it was error for the court to instruct the jury that "every defendant is presumed to be mentally responsible." Appellant brings to our attention *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), and our application of *Sandstrom* in *Krucheck v. State,* Wyo., 671 P.2d 1222 (1983). In Krucheck we held that an instruction which could have been interpreted by the jury as a mandatory or burden-shifting presumption violated the Fourteenth Amendment of the United States Constitution. We also held in Krucheck that Rule 303(c), Wyoming Rules of Evidence, had not been complied with.

The court's instruction, No. 29, which contains language appellant now objects to, provided:

"Under certain circumstances a person is not legally responsible for his criminal conduct. Among those circumstances, Defendant is not legally responsible for criminal conduct if:

"1. He was suffering at the time of the criminal conduct from a mental illness or deficiency; and

"2. As a result, he lacked substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law.

"The term 'mental deficiency' means a defect attributable to mental retardation, brain damage and a learning disability.

"The phrase 'mental illness or deficiency' does not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct.

"The prosecution shall prove beyond a reasonable doubt all the elements of the offense charged.

"*Every Defendant is presumed to be mentally responsible.* The Defendant shall have the burden of going forward and proving by the greater weight of evidence that, as a result of mental illness or deficiency he lacked capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law.

"Thus, if you do not believe that the Defendant has proven by a greater weight of the evidence that he lacked capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law your verdict should not be: Not Guilty by reason of mental illness or deficiency excluding responsibility." (Emphasis added.)

Rule 303(c), W.R.E., provides:

"Whenever the existence of a presumed fact against the accused is submitted to the jury, the court shall instruct the jury that it may regard the basic facts as sufficient evidence of the presumed fact but is not required to do so. In addition, *if the presumed fact establishes guilt or is an element of the offense or negatives a defense,* the court shall instruct the jury that its existence, on all the evidence, must be proved beyond a reasonable doubt." (Emphasis added.)

■■■ The direction in Rule 303(c) that the jury be instructed on the effect of a presumed fact does not specify the exact language to be used in the instruction. The intent of the rule is to tell the jury that

they are not bound by the presumption and that it is therefore rebuttable. It is adequate for the wording of an instruction to convey to the jury the direction that they are not required to find the accused mentally responsible.

It is inconceivable that the jury in this case would single out a sentence in Instruction No. 29 and conclude that they were bound to find the accused mentally responsible. In order to do that, the jury would have had to ignore all other directions in the instruction and assume that the other words were put in the instruction to occupy space. Other portions of the instruction discuss circumstances such as when a person is not legally responsible for his conduct, and that defendant must prove by a greater weight of evidence his lack of mental responsibility. Proofs by the accused would be futile if the jury thought the presumption was conclusive.

Considering Instruction No. 29 in its entirety, we find that there was no possibility that the jury could have been led into thinking that they were required to find, because of the presumption, that the appellant was mentally responsible. Under the circumstances here, we hold the spirit of Rule 303(c), W.R.E., had been complied with and that the principles of *Krucheck v. State*, supra, have not been distorted.

Appellant is in a feeble position to complain about presumption of mental responsibility. Instruction No. 29, containing the presumption, is an instruction requested by appellant. Perhaps the instruction was inartfully drawn, but such deficiency, if it be a deficiency as appellant now claims, is appellant's fault and not that of the state.

In Wyoming we have a strong policy against seizing upon one's own dereliction and seeking to gain an advantage therefrom. In *Settle v. State*, Wyo., 619 P.2d 387, 388 (1980), we said:

"Appellant requested the instruction. He did not object to it. If it was an erroneous instruction, appellant invited it. If we would condone the action of a party whereby he offers and obtains an erroneous instruction, thus trapping the trial court and insuring reversible error should the verdict be against him, each party to every lawsuit could attempt to hedge against an adverse verdict by doing likewise. * * * "

See also, *Burns v. State*, Wyo., 574 P.2d 422 (1978); *Pack v. State*, Wyo., 571 P.2d 241 (1977); *Daellenbach v. State*, Wyo., 562 P.2d 679 (1977).

We hold that § 7–11–305(b), W.S.1977, as amended, is not unconstitutional, and under the circumstances here, Rule 303(c), W.R.E., was complied with.

Affirmed.