**Alford Ricky KEY, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 5288.

Supreme Court of Wyoming.

Sept. 2, 1980.

Gerald M. Gallivan, Director, Wyoming Defender Aid Program; and Kenneth Marken, Student Intern, Wyoming Defender Aid Program, Laramie, signed the brief, and Gallivan appeared in oral argument on behalf of appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Criminal Division, and John W. Renneisen, Law Clerk, Cheyenne, signed the brief on behalf of appellee. Sharon A. Lyman, Asst. Atty. Gen., presented oral argument.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

RAPER, Chief Justice.

The admissibility into evidence of allegedly prejudicial photographs is the principal question to be decided in this appeal. We will affirm the trial judge's decision to allow them into evidence.

At about 10:00 p. m., on August 11, 1979, appellant armed with a knife and a can of mace arrived at Red's Bar in Elmo, Wyoming. Some time thereafter, the appellant participated in a fight outside the bar. Though there was conflicting testimony as to what exactly precipitated the brawl, dur-

ing the course of it, appellant's adversary was knocked to the ground where appellant attempted to kick him and spray his face with mace. At this point, several individuals came running from the bar towards the scene of the struggle. According to their testimony, it was their desire to force the appellant to remain there until the police arrived. Once surrounded by these men, defendant attempted to hold them at bay by brandishing a knife in one hand and spraying mace with the other while backing away. The decedent, a spectator, made a rush toward the appellant; however, there was contradictory testimony as to whether the decedent reached the appellant before the appellant began to spray him with mace and stab him with the knife. After inflicting the decedent with seven stab wounds, appellant ran off. The decedent was then taken to Memorial Hospital in Rawlins, Wyoming, where he underwent emergency surgery before expiring. Sometime thereafter, appellant was charged with first-degree murder.

At appellant's trial, the pathologist, who had performed an autopsy upon the decedent, testified that as a part of the external examination of the body he had taken photographs depicting decedent's stab wounds as well as the incision made during the surgery. Several of these photos were admitted into evidence over appellant's objection that the prejudicial and inflammatory nature of the pictures outweighed any probative value. At the close of the case on January 10, 1980, the jury was instructed not only as to first-degree murder, but also as to second-degree murder, manslaughter, and appellant's claim of self-defense. After its deliberation, the jury returned a verdict finding the appellant guilty of manslaughter. Judgment and sentence was entered February 13, 1980.

Appellant challenges his conviction on two bases. His first contention is that the district court abused its discretion under Rule 403, W.R.E., when it allowed certain exhibit photographs to be admitted over his objection that the probative value was outweighed by the danger of prejudice. The second argument is that the evidence presented in the trial is insufficient to support the jury's verdict.[1]

The first issue raised by appellant pertains to Rule 403, W.R.E., which states:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

As one authority has explained it:

"Rule 403 contemplates the exclusion of evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice.' Necessarily the Rule calls for a balancing process, which is committed to the sound exercise of discretion by the trial judge, and, where probative value is slight and the danger of unfair prejudice is great, exclusion of the evidence is warranted." (Footnotes omitted.) 2 Louisell & Mueller, Federal Evidence, § 126 (1978).

■ When a matter rests within the sound discretion of a trial court, we will not disturb the trial court's ruling absent a clear showing that the holding was an abuse of this discretion. *Daellenbach v. State*, Wyo. 1977, 562 P.2d 679, 682. Here, the appellant does assert that the trial court abused its discretion in admitting into evidence photographs taken of the decedent following his emergency surgery. This claim is based upon *Reeder v. State*, Wyo. 1973, 515 P.2d 969.

■ Though it was decided before the Wyoming Rules of Evidence became operative, we agree with the appellant that *Reeder v. State, supra,* provides the standard of review to be used in order to determine whether an abuse of discretion oc-

---

1. This argument was not mentioned in appellant's brief but was brought to the court's attention by appellant's attorney. During oral arguments, he presented the court with a letter that had been dated ten days before the arguments and was written by the appellant demanding the insertion of this argument into the brief.

curred when photographs have been admitted over an objection based upon their prejudicial nature. There is no conflict between *Reeder* and the law as stated in Rule 403, supra; in fact, they are quite consistent. In the *Reeder* decision this court held that the question of admissibility of photographs was vested within the trial court's discretion. The appropriate standards to use, when reviewing a trial court's admission of photographs into evidence, were then discussed. Under these standards reversal is required only if the photographs had little or no probative value, and were extremely inflammatory or introduced merely to inflame the jury. *Reeder v. State*, supra, 515 P.2d at 973.

■ Reviewing the present case in light of the *Reeder* test, we cannot say that the trial court abused its discretion in this matter. First, the photos introduced depicted the location of the stab wounds. In doing so, they were relevant to the self-defense claim of the appellant because they indicated that due to the number and location of these wounds the victim was effectively debilitated by the time the later wounds were inflicted; thus, at that time the appellant could not have been acting in self-defense. Also, the photos may have been probative on premeditation which was at issue in the trial since the defendant was charged with first-degree murder. In *Cloman v. State*, Wyo. 1978, 574 P.2d 410, 418, this court stated:

> "Evidence of defendants' premeditation in the death of the victims could be inferred from the use and availability of the knife in stabbing them many times in a brutal manner; * * *"

Second, unlike the situation in the *Reeder* case [2], the prosecution here had elicited testimony from the pathologist describing at what point the photos were taken and further explaining what each depicted. Thus, the relevance of the photos was clearly explained to the jury.

Finally, the prejudicial effect, if any, on the jury that results from the introduction of the photos was at most slight. Examining the photos ourselves, we discovered that they were not unduly gruesome nor gory. Further, since the jury returned a verdict finding the appellant only guilty of manslaughter rather than first or second-degree murder, it is difficult to conclude that the jury had been inflamed by the photos.

■ Appellant's second argument, that the evidence at trial was insufficient to support the jury's verdict, is clearly without merit; there was in fact ample evidence introduced to support the jury's conclusion.

The judgment and sentence of the district court is affirmed.

---

**2.** The court noted there that no explanation had been made to the jury as to when the photos were taken or what they depicted.