Armond Leo FORTIN, Appellant
(Defendant),

v.

The STATE of Wyoming, Appellee
(Plaintiff).

No. 5352.

Supreme Court of Wyoming.

Jan. 21, 1981.

William D. Norman, Casper, for appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Criminal Division, and John W. Renneisen, Asst. Atty. Gen. (argued), for appellee.

Before ROSE, C. J.,* and McCLINTOCK, RAPER,** THOMAS and ROONEY, JJ.

RAPER, Justice.

Appellant appeals from the district court's denial of a motion for correction of sentence on two grounds. First, he contends that due to the lack of competent treatment and rehabilitative programs at the Wyoming State Penitentiary, the sentence violates § 15, Art. 1 of the Wyoming Constitution;[1] and, therefore, the district

---

* Chief Justice since January 5, 1981.

** Chief Justice at time of oral argument.

1. Section 15, Art. 1, Wyoming Constitution:
   "The penal code shall be framed on the humane principles of reformation and prevention."

court erred in denying the motion for sentence correction. Second, he argues that for the same reasons the sentence constitutes cruel and unusual punishment in violation of § 14, Art. 1 of the Wyoming Constitution[2] and the Eighth Amendment to the United States Constitution;[3] and, thus, the district court's denial of the motion for sentence correction was error.

We will affirm.

Appellant was charged with taking indecent liberties with a minor in violation of § 14-3-105, W.S.1977. After originally pleading not guilty and not guilty by reason of mental illness or deficiency, appellant withdrew his pleas and entered a plea of guilty. At that time a hearing was conducted and the testimony heard was later considered for purposes of sentencing. On January 15, 1980, judgment and sentence was entered, and it was ordered that appellant serve not less than three years nor more than five years in the state prison at Rawlins. Following the dismissal of his appeal by this court for failure to timely file the record, appellant moved in the district court for a correction of sentence. Appellant now appeals the district court's denial of that motion.

Motions for correction or reduction of sentences are authorized by Rule 36, W.R. Cr.P.:

"The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce the sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court having the effect of upholding the judgment of conviction. The court may also reduce a sentence upon revocation of a probation as provided by law."

Appellant contends that the sentence he received was illegal because it was not in conformity with §§ 14 and 15, Art. 1 of the Wyoming Constitution (footnotes 1, 2, and 3, supra). This argument is premised upon the evidence he presented the trial judge prior to sentencing. He called two experts who testified that appellant was in dire need of either psychiatric or psychological treatment which they did not believe he could or would get at the penitentiary. In fact, one of the experts expressed his view that incarceration would be detrimental to appellant in that:

"* * * I believe if Mr. Fortin were sent to the penitentiary this is my belief that not only would he be, well, certainly his behavior would not change because there would be no treatment given to him for that. I think he would fall prey to, very quickly, to the homosexual group that is in there. I think he would probably, no doubt, be subjected to the possibility of a rape, and I think that this is a very strong possibility because Mr. Fortin even after the number of hours that I have already spent with him, still finds it very difficult to defend himself in any way against anything."[4]

However, testimony was produced from a psychologist at the Wyoming State Hospital that the appellant was not mentally ill, and that though he may benefit from psychiatric treatment, he was not in need of such.

---

2. Section 14, Art. 1, Wyoming Constitution:
   "All persons shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great. Excessive bail shall not be required, nor excessive fines imposed, nor shall cruel or unusual punishment be inflicted."

3. Eighth Amendment, United States Constitution:
   "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

4. This court does not acknowledge that such a statement is a true statement of conditions as they exist in the Wyoming State Penitentiary, but the statement is only set out as a representation of appellant's argument and position.

Thus, a question of fact arose as to appellant's mental condition and the proper treatment for him.

A district court's resolution of a motion to correct or reduce a sentence is entitled to considerable deference. *Montez v. State*, Wyo.1979, 592 P.2d 1153. On appeal we will not substitute our own views for those of the district court unless there is no rational basis for its conclusions. *Key v. State*, Wyo.1980, 616 P.2d 774. Though we may have given appellant a different sentence or even probation if the matter had come before us, on appeal we must accept the trier's finding of facts as long as supported by substantial evidence from which a reasonable inference may be drawn and in a light most favorable to the State. *Jones*

*v. State*, Wyo.1977, 568 P.2d 837. Therefore, the district court's determination that appellant was not mentally ill or in need of psychiatric help is a sufficient basis for its denial of appellant's motion under *Key*, supra, since appellant's constitutional claims are premised upon the opposite conclusion, i.e., if he is not mentally ill, he is at least in dire need of treatment.

Affirmed.