Willie **VASQUEZ, Appellant (Defendant),**

v.

The **STATE of Wyoming, Appellee (Plaintiff).**

No. 5370.

Supreme Court of Wyoming.

Feb. 23, 1981.

Gerald M. Gallivan, Director, Wyoming Defender Aid Program, Laramie, Michael H. Schilling, Appellate Counsel, Cheyenne, and Richard Leonard, Student Intern, (argued), for appellant (defendant).

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Criminal Division, and Samuel A. Soule, Sr., Asst. Atty. Gen., (argued), for appellee (plaintiff).

Before ROSE, C.J., and McCLINTOCK, RAPER, THOMAS and ROONEY, JJ.

RAPER, Justice.

Appellant was tried before a jury and found guilty of two counts of first degree sexual assault as defined in § 6–4–302(a)(ii), W.S.1977[1] and given a penitentiary sentence. His appeal challenges the proceedings in the district court on two bases. First he contends that the prosecutor in his opening statement falsely accused appellant of having previously raped the victim. This, appellant argues, was a legal impossibility since she had been his wife at the time of the alleged incidents. Such references, appellant asserts, were therefore incorrect and highly prejudicial to his case. Second, he claims that the trial court, under Rule 404(b), W.R.E.[2] erroneously admitted evidence of his prior sexual activity with the victim which had occurred at a time when they were still married.

We reject both of these propositions and will affirm.

Willie Vasquez, the appellant, and Mary Vasquez, the victim, were married on April 19, 1970; they were subsequently divorced on November 28, 1978. Mary testified that prior to the divorce but after a separation had occurred in early 1978, appellant had

---

1. § 6–4–302(a)(ii), W.S.1977:

"(a) Any actor who inflicts sexual penetration or sexual intrusion on a victim commits a sexual assault in the first degree if:

\* \* \* \* \* \*

(ii) The actor causes submission of the victim by threat of death, serious bodily injury, extreme physical pain or kidnapping to be inflicted on anyone and the victim reasonably believes that the actor has the present ability to execute these threats; or

\* \* \* "

2. Rule 404(b), W.R.E.:

"(b) *Other crimes, wrongs, or acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

forced her to submit to sexual intercourse with him. When she sought help from the police, they told her since she was still married to appellant, there was nothing they could do.

On the night of August 29, 1979, after the divorce had become final, appellant surreptitiously gained entrance into the house in which Mary was living. She had fallen asleep while watching television and was awakened by a hand on her shoulder. Looking up she saw appellant completely naked, armed with a knife. He informed her that she was going to go into the bedroom and have sex with him. Under such a threat, she submitted to his demands. The incident was not immediately reported.

Several days later, on September 1, 1979, appellant broke into Mary's house at approximately two o'clock in the morning. He again forced her to submit to sexual intercourse with him. While doing so, he indicated that since she had borne his kids he would always regard her as his wife and thus he was entitled to do whatever he felt like with her. He then dragged her by the hair out into the street, where appellant conversed with a passerby while Mary begged for help. Fortunately a patrol car happened by; it stopped and the police came to Mary's aid.

During the prosecutor's opening comments to the jury he stated:

"She's [Mary Vasquez] going to testify, ladies and gentlemen, that he had raped her on previous occasions; that he had beaten her on previous occasions, and that this was the sort of thing that Willie Vasquez was accustomed to do to this poor woman and was accustomed to doing it because nothing had ever been done before; that he was getting away with it; that this was not—

"MR. MANKUS: Your Honor, may I have a continuing objection along this argument?

"THE COURT: You may.

"MR. MANKUS: Thank you.

"MR. KERN: And that it was just one more incident to occur to unfortunate Mary Vasquez."

■ Appellant attacks the propriety of these comments on the basis that it was legally impossible for him to have raped his wife while they were still married under § 6–4–307, W.S.1977.[3] Questions concerning the propriety of the opening remarks are best resolved by the trial judge. *Boyd v. State*, Wyo. 1974, 528 P.2d 287, 291, cert. denied 423 U.S. 871, 96 S.Ct. 137, 46 L.Ed.2d 102. We, therefore, defer to the trial judge's resolution of the matter so long as there exists a legitimate basis supporting it. *Goodman v. State*, Wyo. 1979, 601 P.2d 178, 188.

■ In this case it should be noted that the term "rape" is no longer used in the statutes defining the degrees of sexual assault. See § 6–4–302 et seq., W.S.1977. Therefore, the conclusion follows that it is not now a legal term of art. It is employed to describe an act whereby one forces another to submit to sexual intercourse. Rape, as well, is an act of despoiling, a violent seizure, an outrageous violation and has many other meanings. Webster's Third New International Dictionary, Unabridged. Evidence was adduced at trial that appellant had previously forced Mary Vasquez to submit to sexual intercourse. According to the dictionary, that is rape. It really does not matter to any substantial degree that under the Wyoming statutes the act in this case of forcible intercourse during marriage has been excluded from the definition of sexual assault. We must hold that the trial judge did not err in overruling appellant's objection to the prosecutor's comments. We view those comments as only a reference to appellant's conduct in taking his wife by force.

■ We would further point out that in the trial judge's opening instruction before commencement of the trial he specifi-

3. Section 6–4–307, W.S.1977:
 "A person does not violate any provision of this act if the actor and the victim are legally married, unless a decree of judicial separation or restraining order has been granted."

cally warned the jury that "[a]s to any statement made by counsel in your presence concerning the facts of the case, you must not regard such a statement as evidence * * *." This admonition was again mentioned in the court's package of instructions at the close of all the evidence. When admissible evidence supports the remarks of the prosecution in its opening statement there is no error. *Simms v. State*, Wyo. 1972, 492 P.2d 516. We will, later in this opinion, explain and hold that under the instructions of the court the evidence, which bears out the statement of the prosecutor, was admissible. We cannot see that the prosecutor's statement played any real part in the appellant's conviction, but the proof of appellant's habitual conduct did. We hold that the prosecutor's opening statement was well within the bounds of Standard 3–5.5, Vol. I, American Bar Association Standards for Criminal Justice, Second Edition (Little, Brown and Company, 1980):

> "The prosecutor's opening statement should be confined to a brief statement of the issues in the case and to remarks on evidence the prosecutor intends to offer which the prosecutor believes in good faith will be available and admissible. It is unprofessional conduct to allude to any evidence unless there is a good faith and reasonable basis for believing that such evidence will be tendered and admitted in evidence."

The prosecutor's opening statement was in good faith and based on evidence available, admissible, and admitted.

Appellant's second assignment of error concerns Rule 404(b), W.R.E. and an admission of evidence that he had forced Mary to submit to sexual intercourse at a time when they were legally married. First, appellant again calls to our attention that the statutes specifically exclude any conduct between married persons from constituting sexual assault. From this appellant urges that evidence of sexual intercourse between a husband and his wife cannot be regarded as probative on the issue of the husband's motive to sexually assault his wife subsequent to a legally valid divorce.

■ It is a well established principle of law that deference is given a trial judge's determinations upon the admissibility of evidence. *Key v. State*, Wyo. 1980, 616 P.2d 774. This court will not reverse on appeal unless there exists no legitimate basis for the trial judge's ruling. *Hatheway v. State*, Wyo. 1981, 623 P.2d 741.

In the present case the trial judge announced to the jury that the challenged evidence was being received for only one purpose. He stated:

> "Ladies and gentleman of the jury, the Court has made a ruling out of your presence with regard to testimony relative to a certain incident that occurred prior to those alleged in the information. You will be hearing testimony concerning that particular incident. The only purpose that you will receive testimony concerning that certain incident will be for its tendency to either prove or not to prove a pattern of conduct on the part of the defendant or motive. Of course, that is an issue for you to decide in this case. But that is the only purpose for which you are to consider this incident that you will hear testimony about."

■ Evidence of prior acts of a party may be admitted by a trial judge for a variety of purposes; the establishment of motive as suggested by appellant is only one of those contained in Rule 404(b), W.R.E. Further, in *Hatheway v. State*, supra, we recognized that list is not exhaustive. Prior acts of a party may be admitted when they demonstrate a particular course of conduct. Past and other acts of similar sexual conduct have probative value. *Elliott v. State*, Wyo. 1979, 600 P.2d 1044. It is apparent from the court's instructions to the jury that the trial judge admitted the evidence under this rationale and that its probative value outweighed any possible prejudice to the appellant.

■ We must conclude that the ruling was supported by a legitimate basis. Appellant's conduct toward Mary Vasquez during their marriage amply demonstrated

his pattern of violence, lack of respect for his victim as a person, a disregard of her rights to be free from injury and his disdain for the privilege of his victim to enjoy the dignity to which a human being is entitled. Such conduct provided the jury with substantial insight into both appellant and his victim. As such, it aided the jury in determining whether appellant committed the crime charged. We cannot decide that the trial judge erred.

Affirmed.

THOMAS, J., filed a specially concurring opinion in which ROSE, C.J., joined.

THOMAS, Justice, specially concurring, with whom Rose, Chief Justice, joins.

Section 6–4–307, W.S.1977, stands as an anomaly in these times. This appellant has premised a part of his argument on that statute, which is quoted in footnote 3 of the majority opinion. Currently other forms of family abuse are of paramount concern to many in our society. Indeed, while this case has been under advisement in this court there have been introduced and acted upon in the Forty-sixth Legislature of the State of Wyoming House Bill 49, House Bill 504, and Senate File 192. These legislative acts relate respectively to adult protection services which are available in a family context; services to prevent or deter family violence; and the creation in the Department of Health and Social Services of a Division of Family Violence and Sexual Assault. If it is wrong to abuse one's spouse, then excusing abuse by rape cannot be justified. It is clear that the State can prosecute a husband for homicide if he should kill his wife for refusing intercourse, but our statute excuses him if she capitulates under a threat of death. Such a statutory paradox merits further attention. The presumption of consent as a defense of inhumane conduct by a husband leading to sexual intercourse is an inhumane rule which needs to be extirpated from the law.