**Alvin PETERSON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff)**

No. 84–280.

Supreme Court of Wyoming.

Sept. 25, 1985.

Leonard D. Munker, State Public Defender, and Martin J. McClain, Appellate Counsel, Wyoming Public Defender Program, for appellant.

A.G. McClintock, Atty. Gen.; Gerald A. Stack, Deputy Atty. Gen.; John W. Renneisen, Sr. Asst. Atty. Gen.; and Thomas A. Maurer, Asst. Atty. Gen., for appellee.

Before THOMAS, C.J., ROONEY, BROWN and CARDINE, JJ., and GUTHRIE, Justice, Retired.*

THOMAS, Chief Justice.

The only issue to be resolved in this case is stated in the Brief of Appellant as follows:

"Whether the District Judge's refusal to reduce Appellant's sentence was an abuse of his discretion."

The district court denied the appellant's pro se Motion for Sentence Reduction. The appellant originally had been sentenced to a term of not less than two nor more than five years on each of two counts of third-degree sexual assault of which he had been convicted upon his pleas of guilty. The court provided that the sentences would

run consecutively. We conclude that there was no abuse of discretion on the part of the district court, and the order denying the Motion for Sentence Reduction is affirmed.

The record discloses that the appellant became acquainted with the victim's mother in the state of Washington. The victim claimed that not long after her mother and appellant began living together the appellant began making sexual advances towards her. Shortly after they all moved to Gillette, Wyoming, the appellant had sexual intercourse with the victim on two successive days. It was these incidents which gave rise to the charges against the appellant.

■ After the appellant was convicted upon his pleas of guilty, a presentence investigation was conducted. The product of the presentence investigation and the examination of the appellant at the Wyoming State Hospital, together with other information in the file, discloses that the appellant began having sexual intercourse with the victim when she was eleven and this continued for a four-year period. The district court considered both the circumstances of the crime and the character of the appellant. The judge concluded that

"Defendant demonstrates only situational remorse. Nothing in defendant's background or attitude suggests he will try to make amends for his crimes. He forced his victim to have intercourse & oral sex with him from daily to weekly over a 4–5 year period starting when the girl was only eleven years old."

The district judge indicated that there was an undue risk that the appellant would continue to commit criminal offenses, that this victim was particularly vulnerable, and that the punishment was necessary to deter others. The court also concluded that the sentence would serve as a deterrent to appellant's commission of similar crimes in the future.

* ROSE, J., having recused himself, GUTHRIE, J., Retired, was assigned pursuant to order of the court entered January 2, 1979.

These justifications for the sentence fit within the articulated purposes of sentencing found in *Wright v. State*, Wyo., 670 P.2d 1090 (1983). Clearly there was no abuse of discretion in the imposition of the original sentences upon the appellant. *Aldrich v. State*, Wyo., 706 P.2d 271 (1985), and cases cited therein.

 Rule 36, Wyoming Rules of Criminal Procedure, under which appellant sought relief by his pro se motion, provides as follows:

> "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce the sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate or dismissal upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court having the effect of upholding the judgment of conviction. The court may also reduce a sentence upon revocation of a probation as provided by law."

We have said that a sentencing court has broad discretion in using its power to reduce a criminal defendant's sentence. *Montez v. State*, Wyo., 592 P.2d 1153 (1979). Further, the decision of the court to grant or deny a sentence reduction motion is entitled to considerable deference in the appellate court. *Fortin v. State*, Wyo., 622 P.2d 418 (1981). We have considered pertinent federal authority in this area. *United States v. Galoob*, 573 F.2d 1167 (10th Cir.1978); *United States v. Cumbie*, 569 F.2d 273 (5th Cir.1978); *United States v. Jones*, 444 F.2d 89 (2nd Cir.1971). We do this because federal case law interpreting Rule 35, Federal Rules of Criminal Procedure, is persuasive with respect to our interpretation of our identical Rule 36, Wyoming Rules of Criminal Procedure. We conclude that there is no more justification for this court to interfere with the exercise of the trial court's discretion upon a motion to reduce sentence under Rule 36 than

there is for us to interfere with the original sentence. There is nothing in this record to suggest the court could not reasonably conclude as it did, *Key v. State*, Wyo., 616 P.2d 774 (1980), or that there was an error of law committed under the circumstances.

The order of the district court denying the appellant's Motion for Sentence Reduction is affirmed.