Timothy Lee **TALBOTT**, Appellant (Defendant),

v.

The **STATE** of Wyoming, Appellee (Plaintiff).

No. 94–211.

Supreme Court of Wyoming.

Sept. 20, 1995.

Leonard D. Munker, State Public Defender; Deborah A. Cornia, Appellate Counsel; Gerald M. Gallivan, Director, Sam D. Starritt, and Gregory J. Blenkinsop (argued), Student Interns, Defender Aid Program, for appellant.

Joseph B. Meyer, Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Georgia L. Tibbetts (argued), for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

Timothy Lee Talbott (appellant) was convicted of second degree murder in the shooting death of his wife, Betty Jo Talbott. On appeal, appellant argues that his conviction should be reversed because the trial court erred in failing to suppress statements he made to the police without *Miranda*[1] warnings and without honoring his request for counsel or that the statements should have been suppressed because they were the product of an earlier, illegal custodial interrogation. Appellant also raises a claim relating to an instruction rejected by the trial court on the standard used by the jury to judge the voluntariness of a confession.

We affirm.

Appellant raises three issues:

I. Did the trial court improperly deny appellant's motion to suppress statements he made on September 26, 1993, at the Campbell County sheriff's office, during a

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

custodial interrogation, because the interrogating officers did not administer *Miranda* warnings prior to the interrogation and did not honor appellant's request for counsel, pursuant to *Edwards,* all in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections Six and Eleven of the Wyoming Constitution?

II. Were appellant's statements made during the September 26, 1993 stationhouse interrogation suppressible as fruit of the poisonous tree?

III. Did the trial court err when it rejected defendant's proffered Jury Instruction No. 12 instructing the jury that they must find the defendant's statements were voluntary beyond a reasonable doubt when Wyoming follows the Massachusetts rule and Massachusetts' juries are instructed to find statements to be voluntary beyond a reasonable doubt before relying on them?

The State responds with two issues:

I. Did the district court err by not suppressing the statements appellant made to law enforcement on September 26, 1993, and did the State's reference to those statements in its opening statement constitute reversible error?

II. Did the district court properly refuse appellant's proffered jury instruction requiring the jury to find appellant's confession voluntary beyond a reasonable doubt?

Betty Talbott died of a single gunshot wound to the head in the early morning hours of September 25, 1993, at the Talbott's mobile home. The core of appellant's brief on appeal deals with whether statements made by him to law enforcement personnel during an interview at the county sheriff's office should have been suppressed. At the interview, appellant admitted that he had shot his wife but claimed that it was an accident.[2] A motion to suppress hearing was held, and the trial court determined that the confession was admissible. Appellant argues that the confession should have been suppressed for any one of three reasons: it was a custodial interrogation and he was not giv-

en his *Miranda* warnings; he was denied his right to counsel per *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); and/or the confession was the fruit of the poisonous tree since the interrogation was tainted by an earlier illegal interrogation the day before at appellant's motel room. The State, of course, counters that the interview at the station was proper and the trial court did not err in refusing to suppress the confession.

The problem we confront is that the confession was never admitted into evidence at trial. It is irrelevant whether or not the confession should have been suppressed. In order for a claimed error to be regarded as harmful, there must be a reasonable probability that, but for the error, the verdict would have been more favorable to the defendant. *Stephens v. State,* 774 P.2d 60, 67 (Wyo.1989); *Zabel v. State,* 765 P.2d 357, 362 (Wyo.1988). The jury never considered the confession; therefore, there could be no prejudice to appellant during the trial based on the legality of it. Without prejudice, there is no reasonable probability that appellant's verdict would have been more favorable to him.

Furthermore, since this confession was not used, appellant's related claim about the propriety of his proposed jury instruction regarding the correct standard for determining the voluntariness of a confession is moot and will not be considered. *Reno Livestock Corp. v. Sun Oil Co. (Delaware),* 638 P.2d 147, 154 (Wyo.1981); *Weddle v. State,* 621 P.2d 231, 234 (Wyo.1980).

There is one issue, considered peripherally by appellant in his brief, which does merit discussion. During his opening statement, the prosecutor mentioned the confession:

> May it please the Court, Counsel, ladies and gentlemen of the jury. The charge in this case is second degree murder, and the State's evidence will show you that Betty Talbott was murdered by Tim Talbott, her

2. Both parties refer to the statements made as a "confession." For the sake of simplicity, herein-

after, so will we.

husband—that man seated right there on the corner—by his own confession given to law enforcement officers.

He'll describe how about 1:30 in the morning of September 25, 1993, at the parties' home here in Gillette, after an alcohol fueled argument, he held a .25 caliber pistol to Betty Talbott's head and fired a bullet into her brain.

He'll tell you in his confession how after the argument he retrieved the pistol from a closet in their home, how he pressed it to Betty Talbott's forehead to shut her up, as he put it. As he held the pistol there with his finger on the trigger, he will claim that the pistol discharged by accident as he stumbled or staggered, and that it killed his wife.

You'll learn also from that same confession how for the next 12 hours after the shooting the defendant left Betty Talbott's lifeless body seated right where she'd been killed while he drank, made a trip to a liquor store, and tried to decide what to do.

His confession will show you that at last he decided to call his father and claim that Betty had committed suicide.

The question we contemplate is whether it was reversible error for the prosecutor to mention the confession in his opening statement, when that confession was never introduced into evidence during the trial. We conclude that it is not.

 Appellant did not object to the remarks in opening statement, thus our review is confined to a search for plain error. *Baier v. State*, 891 P.2d 754, 762 (Wyo.1995). Appellant has the burden of proving that the record clearly shows what occurred at trial, a transgression of a clear and unequivocal rule of law occurred, which adversely affected a substantial right. *Id.*

 Opening statement should be a brief abstract of the issues and the evidence which the prosecutor intends to offer and believes in good faith will be available and admissible. *Vasquez v. State*, 623 P.2d 1205, 1208 (Wyo.1981) (*quoting* Standard 3–5.5, Vol. I, American Bar Association Standards for Criminal Justice (2nd ed. 1980)). An instruction to the jury that arguments, state-

ments or remarks by counsel are not evidence may be sufficient to cure any error that may exist. *Vasquez*, 623 P.2d at 1207–08; *Boyd v. State*, 528 P.2d 287, 291 (Wyo. 1974). Absent bad faith in the argument by the prosecutor, prejudicial error will not be presumed. *Goodman v. State*, 601 P.2d 178, 188 (Wyo.1979).

The prosecutor in this case had a good faith belief that the evidence was available and admissible. The trial court had already ruled, in pre-trial suppression hearing, that the confession was admissible. The prosecutor had a right to rely on that ruling. The record also indicates that the prosecutor intended to offer the confession but, for tactical reasons, decided otherwise after the first day of trial. In any event, by mentioning evidence in opening that does not emerge during trial, the prosecutor leaves himself open to attack by the defense on issues of credibility and fairness, further mitigating any prejudicial effect the statements may have had. *Boyd*, 528 P.2d at 291.

 Moreover, error, if any existed, was sufficiently cured by the trial court's instructions to the jury that remarks of counsel were not evidence and should be disregarded. *Vasquez*, 623 P.2d at 1207–08; *Boyd*, 528 P.2d at 291. The trial court so informed the jury orally, prior to opening, and then later in the written instructions. We find no prejudice to the defendant in the prosecutor's opening remarks.

## CONCLUSION

There being no error in appellant's trial, his conviction is affirmed in its entirety.