**Randy Lynn STAMBAUGH, Petitioner,**

v.

**Duane SHILLINGER and the Attorney General of the State of Wyoming, Respondents.**

No. C91–0040B.

United States District Court,
D. Wyoming.

Nov. 27, 1991.

Randy Lynn Stambaugh, pro se.

Jennifer L. Gimbel, Wyo. Atty. Gen., Cheyenne, Wyo., for respondents.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

BRIMMER, Chief Judge.

The above-entitled matter having come before the Court on a Petition for Writ of Habeas Corpus, and the Court having carefully reviewed the petition and all material on file herein and being fully advised in the premises, FINDS:

The petitioner was convicted of two counts of aggravated assault and battery, two counts of sexual assault in the first degree and one count of procuring a minor child to engage in illicit sexual intrusion. He was sentenced to two terms of 10 to 14 years for aggravated assault, 30 to 50 years for sexual assault and 4 to 5 years for procuring. All sentences were to run consecutively.

Petitioner appealed his conviction to the Wyoming Supreme Court which affirmed in 1979, 613 P.2d 1237. In October 1982, he filed a motion to vacate judgment and sentence in District Court for the State of Wyoming. Plaintiff's motion was dismissed for lack of merit. In December 1982, the Wyoming Supreme Court subsequently dismissed petitioner's appeal for lack of jurisdiction due to petitioner's failure to follow Wyoming's Rules of Appellate Procedure. There then followed a series of letters between petitioner and the state district court through 1986. In June 1988, the Wyoming Supreme Court denied petitioner's Petition for Writ of Habeas Corpus. Petitioner then filed a Petition for Writ of Habeas Corpus in the United States District Court for the District of Wyoming, which was denied. The United States Court of Appeals, Tenth Circuit, affirmed the decision in December, 1990. Petitioner then filed a second Petition for Writ of Habeas Corpus with the Wyoming Supreme Court which was denied January, 1991. Petitioner next filed his second Petition for Writ of Habeas Corpus with this Court in February 1991. Each petition for Writ of Habeas Corpus including the present one, asserts basically the same allegations, all of which have been raised in petitioner's original appeal to the Wyoming Supreme Court.

The petitioner's three grounds each asserts essentially the same issue and can be combined for the purposes of discussion in this order. Petitioner alleges that the State of Wyoming failed to follow statu-

tory procedures by not undertaking medical examinations of the alleged rape victim, that references to the existence of medical examinations were admitted in open court in the presence of the jury, and that as a result, the petitioner was unable to respond to or confront and cross examine the evidence. Petitioner additionally alleges the admission of this evidence and the prosecutors closing comments resulted in prosecutorial misconduct. As the respondents correctly point out in their answer, the petitioner has now exhausted all of his remedies at the state level on these issues.

Petitioner failed to object at trial to the evidence now in question. Petitioner then failed to raise these issues on appeal to the Wyoming Supreme Court and is now barred from doing so by the Wyoming Rules of Appellate Procedure.

 The United States Supreme Court in *Engle v. Issaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) held that "when a procedural default bars state litigation of a constitutional claim, a state prisoner may not obtain federal habeas corpus relief absent a showing of good cause and actual prejudice." at 129, 102 S.Ct. at 1572. The petitioner claims that his appellate lawyer refused to raise the above stated issues on appeal. As pointed out in *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Appellate counsel's refusal to submit an issue on appeal does not fall within this criteria and therefore does not justify petitioner's failure to raise these issues on appeal.

Secondly, the Petition for Writ of Habeas Corpus does not demonstrate any actual prejudice as a result of the admission or lack of admission of medical evidence. During his case in chief, petitioner's attorney elicited testimony regarding a medical examination which was ordered by the Sheriff's office as required by state statute. The test was performed but was discarded because the Sheriff's office believed it was performed too long after the assault to be of any value. The lack of identifiable semen in the victim could have either aided or harmed the petitioner's defense. The lack of a semen sample cannot, by itself, support an argument that actual prejudice resulted therefrom. Furthermore, the State presented other substantive evidence to support a conviction of petitioner.

For the reasons set out above, the Court finds that petitioner's Petition for Writ of Habeas Corpus is frivolous and devoid of merit.

WHEREFORE, IT IS HEREBY ORDERED that petitioner's Petition for Writ of Habeas Corpus is hereby dismissed with prejudice.