James Franklin BROWN, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 94–180.

Supreme Court of Wyoming.

April 17, 1995.

James Franklin Brown, pro se.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., D. Michael Pauling, Sr. Asst. Atty. Gen., and Mary Beth Wolff, Sr. Asst. Atty. Gen.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

James Franklin Brown (Brown) appeals the denial of his Motion to Correct an Illegal Sentence pursuant to W.R.Cr.P. 35(a).

We affirm.

Brown raises nine issues in his pro se brief. Our review of the record, however, allows us to reduce the matter to a single issue:

Whether Appellant is barred by the law of the case from relitigating his claims.

## BACKGROUND

The sordid details of Brown's crimes were fully described by this court in his direct appeal so we need not reiterate them. *Brown v. State*, 817 P.2d 429 (Wyo.1991). Brown was convicted of five counts of second degree sexual assault in violation of W.S. 6–2–303 and two counts of indecent liberties in violation of W.S. 14–3–105. Brown was sentenced to life terms on all five counts of second degree sexual assault and nine to ten years on the indecent liberties convictions. Three of the life sentences were ordered to run consecutively to each other, while the other two were to run concurrently. The two indecent liberties sentences were to run concurrently with each other but consecutively to the life sentences. On his direct appeal, this court reversed one of the consecutive life sentences but affirmed the remainder of the sentences. *Brown*, 817 P.2d at 437, 440.

On June 22, 1994, Brown filed a Motion to Correct an Illegal Sentence pursuant to W.R.Cr.P. 35(a). The district court denied Brown's motion, and he appealed to this court.

## DISCUSSION

Brown claims the life sentences he received are illegal and unconstitutional. Essentially, the gravamen of Brown's appeal is that the district court sentenced him to life terms without giving any minimum term along with the maximum life term. Brown also raises a host of side issues including ineffective assistance of counsel and violations of due process, the fifth, sixth and eighth amendments.

A district court's resolution of a motion to correct or reduce a sentence is entitled to considerable deference. *Montez v. State*, Wyo.1979, 592 P.2d 1153. On appeal we will not substitute our own views for those of the district court unless there is no rational basis for its conclusions. *Key v. State*, Wyo.1980, 616 P.2d 774.

*Fortin v. State*, 622 P.2d 418, 420 (Wyo.1981). The district court denied Brown's motion, finding that he had raised similar claims in a Petition for Post–Conviction Relief and an earlier Motion to Correct an Illegal Sentence. It also concluded that the issues had already been decided by this court in *Brown v. State*, 817 P.2d 429, or were otherwise barred by W.S. 7–14–103 since they were not raised in his original petition.

After a review of the record, we agree with the district court that Brown raises the identical issues in this proceeding that he brought in previous motions for post-conviction relief and to correct an illegal sentence. A motion to correct an illegal sentence does not permit a defendant to relitigate an issue which has already been considered and decided. *Montez v. State*, 592 P.2d 1153, 1154 (Wyo.1979). These issues are governed by the law of the case and cannot be raised in subsequent motions under W.R.Cr.P. 35(a).

The record further discloses that any issues not previously decided are barred by W.S. 7–14–103 or are not properly matters for consideration under a W.R.Cr.P. 35(a) motion. Accordingly, the district court did not err in denying relief.

## CONCLUSION

A W.R.Cr.P. 35(a) motion to correct an illegal sentence may not be used to revisit issues already considered and decided. Brown has already had a bite at the apple; he is not entitled to a second one.

Affirmed.