**Glenn Rocky GARCIA, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 95–101.**

Supreme Court of Wyoming.

Dec. 15, 1995.

Glenn Rocky Garcia, pro se.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

Appellant asserts that the district court imposed an illegal sentence and appeals the district court's denial of his motion to correct an illegal sentence. Appellant's sentence falls within the parameters of the statutory guidelines set by the legislature and is not otherwise defective. We affirm.

## I. ISSUES

In his pro se brief, appellant states the issue:

Did the trial judge misapply the Wyoming Supreme Court's decision?

In reply, the State of Wyoming posits the issue:

Whether the trial court properly denied appellant's motion to correct an illegal sentence?

## II. FACTS

Appellant, Glenn Rocky Garcia (Garcia), plead guilty to aggravated assault on December 3, 1993. On February 18, 1994, he was sentenced to serve a minimum of eight years and a maximum of ten years in the Wyoming State Penitentiary. On October 3, 1994, Garcia filed a motion for reduction of sentence which was denied. Garcia then filed a motion to correct an illegal sentence. That motion was also denied. Garcia now appeals the denial of his motion to correct an illegal sentence.

## III. DISCUSSION

■ A sentence which falls within the minimum and maximum terms set by the legislature will not be reversed absent a clear abuse of discretion. *Wilson v. State*, 896 P.2d 1327, 1328 (Wyo.1995). Garcia complains that his sentence fails to satisfy the "spirit" of the indeterminate sentencing scheme. We disagree.

■ Garcia was sentenced to serve a minimum of eight years and a maximum of ten years in the Wyoming State Penitentiary for the crime of aggravated assault. Wyo.Stat. § 6-2-502(b) (1988) establishes ten years as the maximum term for aggravated assault.

Wyoming's indeterminate sentencing statute provides, in pertinent part:

The maximum term shall not be greater than the maximum provided by law for the statute violated, and the minimum term shall not be less than the minimum provided by law for the statute violated, nor greater than ninety percent (90%) of the maximum term imposed.

Wyo.Stat. § 7-13-201 (1995). Garcia's sentence clearly falls within the guidelines set forth by the legislature and is not otherwise defective.

## IV. CONCLUSION

The district court's denial of the motion to correct an illegal sentence is affirmed.