**James Franklin BROWN, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 95–288.

Supreme Court of Wyoming.

Dec. 16, 1996.

Rehearing Dismissed Jan. 3, 1997.

James F. Brown, Pro Se.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Mark T. Moran, Assistant Attorney General, for appellee (plaintiff).

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN* and LEHMAN, JJ.

TAYLOR, Chief Justice.

Serving time for sexual abuse of children, appellant claims error in denial of his most recent petition for correction of an allegedly illegal sentence. Agreeing with the district court that appellant's petition is procedurally barred and substantively moribund, we affirm.

* Chief Justice at time of conference.

## I. FACTS

Convictions stemming from multiple sexual assaults of his minor step-children netted appellant lengthy prison terms. *Brown v. State,* 817 P.2d 429 (Wyo.1991). While incarcerated, appellant has turned his attention to the courts with sundry petitions for various forms of relief. *See, e.g., Brown v. State,* 894 P.2d 597 (Wyo.1995). The instant case concerns the district court's refusal to vacate that portion of his original sentence assessing a payment of $350.00 to the Wyoming Crime Victim's Compensation Fund.

Appellant was sentenced on June 26, 1990. The transcript of those proceedings indicates that the hearing was initially adjourned after imposition of sentences on seven counts, but without assessment of the surcharge mandated by Wyo.Stat. § 1–40–119 (1988). On the heels of that adjournment, the following parenthetical note appears in the transcript of the proceedings:

> (Following a short delay, the Court, in the presence of counsel for the State *and the defendant*, ordered that the defendant is to pay $50 per count to the Wyoming Victim's Compensation Fund.)

(Emphasis added.) The judgment and sentence reflecting those proceedings was also made and entered June 26, 1990. The record is devoid of any indication that appellant ever endeavored to pay his $350.00 debt to the Wyoming Crime Victim's Compensation Fund.

On June 26, 1995, following one failed motion for sentence reduction, one failed petition for post conviction relief, one failed petition to this court for writ of mandamus, and two failed petitions to the district court for correction of illegal sentence, appellant filed his third motion to correct illegal sentence complaining that he was not present when the crime victim's surcharge was assessed, did not learn of the assessment until some time in 1995 and, in any event, the assessment is now without the statutory time limit for collection.

## II. DISCUSSION

■ It is clear from the sentencing transcript that appellant was present when the crime victim's surcharge was assessed and equally clear that he enjoyed substantially contemporaneous notice of that assessment through his judgment and sentence. Neither appellant's initial appeal to this court nor his unsuccessful appeal from denial of a prior motion for correction of an illegal sentence questioned the manner in which the surcharge was assessed or its lawfulness. Because he could have raised these issues in those prior appeals, appellant is now foreclosed by the doctrine of *res judicata. Murray v. State,* 776 P.2d 206, 208 (Wyo.1989); *Mower v. State,* 770 P.2d 233, 233 (Wyo. 1989).

■ Assuming, *arguendo,* that appellant had presented the assessment issue to us when ripe, his position would remain without merit. This is because, as the district court aptly noted, an "illegal sentence" is one that exceeds the relevant statutory maximum, fails to grant credit for presentence confinement, or orders post incarceration restitution absent statutory authority. *Parker v. State,* 882 P.2d 1225, 1228 (Wyo.1994). At the time of appellant's sentencing, Wyo. Stat. § 1–40–119 made mandatory the assessment of a surcharge of *not less than* $50.00 for each of the offenses for which appellant stood convicted. Assessment of a $350.00 surcharge upon appellant was well within the sentencing court's statutory authority and only slightly above the minimum surcharge the court was required by law to impose.

■ Appellant also argues that his failure to pay the crime victim's surcharge within ten days rendered the sentence illegal. Little need be said about such a facially puerile argument other than to note that those cases cited by appellant stand only for the proposition that a sentencing court may not extend the time for *payment* of the crime victim's surcharge *past* the statutorily mandated ten days. *See, e.g., Frenzel v. State,* 849 P.2d 741, 753 (Wyo.1993). Far from relieving appellant of the initially imposed $350.00 obligation, his *failure to pay* within ten days authorized collection proceedings to begin on July 6, 1990, and has left him liable to punishment for being in contempt of court for the six years since.

## III. CONCLUSION

The district court's denial of appellant's most recent motion for correction of illegal sentence is affirmed.