**Anthony R. HAMILL, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 96–252.

Supreme Court of Wyoming.

Dec. 5, 1997.

Anthony R. Hamill, Pro Se Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Lori L. Gorseth, Senior Assistant Attorney General, Cheyenne, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

TAYLOR, Chief Justice.

Appellant challenges the district court's denial of his second motion to correct an illegal sentence. Finding that the issue raised on appeal is barred by the doctrine of *res judicata*, we affirm.

## I. ISSUES

Appellant, Anthony R. Hamill (Hamill), asserts four issues in this *pro se* appeal:

I. Whether the trial court abused [its] discretion by applying the doctrine of res judicata where the issue had never been raised in any court nor has the issue been decided on the merits.

II. Whether the trial court abused [its] discretion by assuming to retroactively apply a law that was in effect at the time of sentencing.

III. Whether the trial court abused [its] discretion by assuming the court could re-sentence appellant to three times the original sentence.

IV. Whether the trial court abused [its] discretion by imposing one extended sentence for the three convictions.

Appellee, State of Wyoming (State), presents two issues:

I. Whether the doctrine of res judicata was applicable to appellant's motion to correct an illegal sentence.

II. Whether the district court was correct in denying appellant's motion to correct an illegal sentence as appellant's sentence is not illegal.

## II. FACTS

On February 23, 1979, Hamill was convicted of three counts of first-degree sexual assault and sentenced to a consolidated term of not less than twenty years nor more than forty-five years at the Wyoming State Penitentiary for all three counts.[1] On appeal to this court, Hamill's conviction was affirmed

---

1. Hamill was sentenced under Wyo. Stat. § 6–4–306 (Rpl.1977), which provided in relevant part:
 (a) A person convicted of sexual assault who does not qualify under the criteria of subsection (b) of this section shall be punished as follows:
 (i) For sexual assault in the first degree, imprisonment for not less than five (5) nor more than fifty (50) years;

 (ii) For sexual assault in the second degree, imprisonment for not less than one (1) nor more than twenty (20) years;
 * * *
 (b) A person who is convicted of sexual assault shall be punished by the extended terms of subsection (c) of this section if:

in all respects. *Hamill v. State*, 602 P.2d 1212 (Wyo.1979). Hamill did not raise any issue regarding his consolidated sentence on direct appeal.

In 1980, Hamill filed his first motion relating to his sentence. At that time, he requested that his sentence be reduced or, alternatively, that his sentence be suspended. A second motion for reduction of sentence was filed in 1981 based on Hamill's involvement in Alcoholics Anonymous. Both motions were denied by the district court and neither mentioned the issue of the impropriety of a consolidated sentence.

Eleven years after his conviction, Hamill filed his first motion to vacate or set aside an illegal sentence. In his petition, Hamill alleged his sentence: (1) violated the United States and Wyoming Constitutions; (2) was based on erroneous information regarding his prior criminal record; and (3) prosecutorial misconduct prejudiced his sentencing. After a telephone hearing with Hamill present, the petition was denied on June 20, 1991. An appeal of the district court's decision was dismissed by this court as it was not timely filed. Again, Hamill did not raise any issue regarding the consolidated sentence.

On June 5, 1996, Hamill filed a second motion to correct an illegal sentence. In his second petition, Hamill contended his sentence was illegal under the holding of *Stambaugh v. State*, 613 P.2d 1237, 1243 (Wyo. 1980), which found that a single consolidated sentence for multiple sex offenses under Wyo. Stat. § 6–4–306(b) and (c) (Rpl.1977) was inappropriate.[2] After a hearing on the second petition, the district court denied Hamill's petition as barred by the doctrine of *res judicata*. This timely appeal followed.

### III. STANDARD OF REVIEW

 It is a longstanding rule that issues which could have been raised in an earlier proceeding are foreclosed from subsequent consideration. *Kallas v. State*, 776 P.2d 198, 199 (Wyo.1989); *Cutbirth v. State*, 751 P.2d

1257, 1261 (Wyo.1988). Unless Hamill can show good cause why the issue was not raised at an earlier opportunity, the court may decline to consider the issue. *Kallas,* 776 P.2d at 199; *Cutbirth,* 751 P.2d at 1261.

 A motion to correct an illegal sentence is ordinarily addressed to the sound discretion of the district court. The district court's decision is entitled to considerable deference unless there is no rational basis for the court's conclusions. *Brown v. State,* 894 P.2d 597, 598 (Wyo.1995) (*quoting Fortin v. State,* 622 P.2d 418, 420 (Wyo.1981)). However, if the sentence is *ab initio* illegal, discretion is limited. *Parker v. State,* 882 P.2d 1225, 1227 (Wyo.1994). A sentence within the statutory parameters will not be set aside on review absent an abuse of the sentencing discretion afforded to the trial court. *Garcia v. State,* 908 P.2d 413, 414 (Wyo.1995); *Seeley v. State,* 715 P.2d 232, 242 (Wyo.1986).

This court has recognized that an illegal sentence is one which exceeds the relevant statutory maximum. *Garcia,* 908 P.2d at 414; *Seeley,* 715 P.2d at 242; *Capwell v. State,* 686 P.2d 1148, 1154 (Wyo.1984). We have also recognized an illegal sentence as one which orders post-incarceration restitution absent statutory authority. *Parker,* 882 P.2d at 1228 (*citing Bishop v. State,* 687 P.2d 242, 247–48 (Wyo.1984), *cert. denied,* 469 U.S. 1219, 105 S.Ct. 1203, 84 L.Ed.2d 345 (1985)).

### IV. DISCUSSION

 The district court found that Hamill's claim was barred under the principles of *res judicata*. Hamill counters that *res judicata* is not a bar to an illegal sentence because W.R.Cr.P. 35(a) provides that "[t]he court may correct an illegal sentence at any time." Hamill argues, without authority, that because an illegal sentence is plain error and he has not alleged this particular error in any previous petition, the principles of *res judicata* do not apply.

 Contrary to Hamill's assertion, the doctrine of *res judicata* is not limited to only

---

(i) He is being sentenced for two (2) or more separate acts of sexual assault in the first or second degree;

\* \* \*

(c) Whenever any of the circumstances set out in subsection (b) of this section exist, the court shall impose sentence as follows:

(i) For sexual assault in the first or second degrees, imprisonment for not less than five (5) years nor more than life[.]

**2.** A consolidated sentence imposes one sentence combining multiple convictions without designation of a specific term for each specific charge.

those issues which were actually decided in an earlier proceeding. Issues which *could* have been raised in an earlier proceeding may also be foreclosed from subsequent consideration. *Kallas*, 776 P.2d at 199; *Cutbirth*, 751 P.2d at 1261. Thus, unless Hamill can show good cause why the issue was not raised at an earlier opportunity, or that the interests of justice require consideration of his claim, the court may refuse to consider the issue in a later proceeding.

The record discloses that Hamill filed two motions challenging aspects of his sentence after our decision in *Stambaugh*, 613 P.2d 1237 was published.[3] Thus, any issues regarding Hamill's sentencing which were identified in *Stambaugh* could, and should, have been raised on several occasions prior to his second petition to correct his sentence.

Hamill fails to articulate any reason why this issue was not raised in his earlier petitions regarding his sentencing. In fact, *Stambaugh* specifically mentioned Hamill's case ten years prior to Hamill's first petition to correct his allegedly illegal sentence.[4] Even so, Hamill makes no attempt to explain why he did not challenge his consolidated sentence in his petition filed in 1990 nor does he allege ignorance of the *Stambaugh* decision at that time.

Neither do the interests of justice require consideration of Hamill's claim. Wyo. Stat.

§ 6–4–306 authorized the district court to sentence Hamill to no less than five years nor more than life on each of the three counts. Thus, the district court was authorized to sentence Hamill to up to three consecutive life terms. It is apparent that Hamill's original sentence of twenty to forty-five years was well within the statutory parameters.

On consideration of Hamill's claim in the instant petition to correct his sentence, the district court reviewed the record relating to Hamill's original sentencing. Based on that review, the district court determined that in the event Hamill's original sentence must be reconsidered, the initial sentencing court intended Hamill's consolidated sentence to consist of three terms of twenty to forty-five years to be served concurrently.

Hamill argues that under *Stambaugh*, his sentence must be broken into "thirds." We disagree. Nothing in *Stambaugh* states that a consolidated sentence must be corrected to provide consecutive terms for each conviction. Neither is there any evidence in the sparse record provided on appeal which contradicts the district court's conclusion that concurrent sentences were the intention of the sentencing court.[5] Therefore, were this case to be remanded to the district court, the conclusion that Hamill's sentence was intend-

---

3. Hamill argues that his sentence imposed in 1979 is illegal because it is a consolidated sentence for multiple convictions contrary to the legislative intent of Wyo. Stat. § 6–4–306, as interpreted under *Stambaugh*, 613 P.2d 1237.

 In *Stambaugh*, the defendant was convicted of two counts of aggravated assault, two counts of sexual assault, and one count of procuring a minor to engage in illicit sexual intrusion. At sentencing on the two counts of sexual assault, the district court assumed that our decision in *Hamill*, 602 P.2d 1212 confirmed a mandate by the legislature that sentencing under Wyo. Stat. § 6–4–306 be consolidated. Therefore, the district court sentenced the defendant to not less than thirty years nor more than fifty years, "said sentence being a consolidated sentence on the two counts." *Stambaugh*, 613 P.2d at 1238. The district court continued:

 "In the event the Supreme Court rules that a consolidated sentence on the two counts is not appropriate, then the Defendant is sentenced to not less than fifteen (15) years and not more than twenty-five (25) years on each of said counts" * * * said sentences to run consecutively.

*Id.* On appeal, we interpreted the intent of the legislature when enacting the sentencing statute and found:

 The language of this section does not reflect the intention of the legislature to direct imposition of a general or consolidated sentence, rather it reflects the intention to establish minimum and maximum incarceration limits under designated conditions and to enact a form of a habitual criminal act.

 * * *

 * * * The consolidated part of the sentence was inappropriate because the trial court felt that it was mandated to make a consolidated sentence. Since there was no such mandate, the purpose for it fails and it becomes "inappropriate."

*Id.* at 1242–43 (footnotes omitted). As a result, we upheld that part of the sentence which imposed consecutive sentences for each count.

4. *See Stambaugh*, 613 P.2d at 1243 n. 11.

5. We are provided with a few pages of the original sentencing transcript from Hamill's sentenc-

ed to function as three concurrent terms of twenty to forty-five years due to the nature of his crimes is certainly founded on a rational basis and within the term allowed by statute.

Finally, Hamill contends that if his sentence is construed as three concurrent terms, it constitutes a three-fold increase in the severity of his punishment which "is clearly onerous and vindictive." However, Hamill must spend the same time in prison whether his sentence is designated as a consolidated term of twenty to forty-five years on three counts, or a term of twenty to forty-five years for each count to run concurrently. Therefore, even if Hamill's claim was considered and his sentence remanded to the district court, the punishment would remain the same. *Turner v. State*, 624 P.2d 774, 775 (Wyo.1981).

Since Hamill's original sentence is clearly within the statutory parameters, *Garcia*, 908 P.2d at 414; *Seeley*, 715 P.2d at 242, and Hamill has shown no good cause why he failed to challenge his consolidated sentence in two earlier proceedings, we find that the district court did not err in finding Hamill's claims barred by the doctrine of *res judicata*. *Brown*, 894 P.2d at 598; *Duffy v. State*, 837 P.2d 1047, 1053 (Wyo.1992) (a contention in one case that a sentence was unlawful, followed by a contention that it is unlawful for other reasons is barred by the doctrine of *res judicata* ); *Kallas*, 776 P.2d at 199; *Mower v. State*, 770 P.2d 233, 233–34 (Wyo.1989) (failure to raise illegal sentence in first petition regarding sentencing issues without good cause bars future consideration under the doctrine of *res judicata*); *see also* Wyo. Stat. § 7–14–103 (1997).

## V. CONCLUSION

The district court is affirmed in all respects.

---

ing in 1979. In that transcript, the district court opined that under the "extended" terms of Wyo. Stat. § 6–4–306(b) and (c), the court was required "to make one sentence; the three verdicts of guilty and three counts are combined for the

purpose of sentencing." There is no mention of the district court's intent as to whether the sentence was to be three consecutive terms or three terms to be served concurrently.